UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARTIN STEVENS, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>SCHOOL CITY OF HOBART, )<br>PEGGY BUFFINGTON, )<br>CHRISTOPHER N. KING, )<br>and BARBARA STOOKSBURY, )<br>      Defendants. ) | Cause No.: 2:13-CV-336-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel Production of Plaintiff's Statement [DE 23], filed by Plaintiff on February 25, 2015. Defendants filed a response on March 2, 2015, and Plaintiff filed a reply later that same day.

In support of their recent Motion for Summary Judgment, Defendants included as evidence selections from Plaintiff's deposition transcript. Seeing this, Plaintiff asked Defendants to give him a complete copy for him to review, as he apparently had never purchased one for himself. Defendants refused, telling him that he could buy his own copy just as they had. Plaintiff, however, contended that he had a legal right to the document under Federal Rule of Civil Procedure 26(b)(3)(C). Attempts to resolve this dispute without court action have failed, and Plaintiff now asks for an order compelling Defendants to hand over a complete copy of the deposition transcript.

Rule 26(b)(3) ordinarily bars discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P 26(b)(3). The Rule provides two exceptions. First, the materials may be discovered if they are otherwise discoverable under Rule 26(b)(1) and the party seeking the materials can show that it has "substantial need for the materials in order to prepare its case and cannot, without undue hardship,

obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Second, Rule 26(b)(3)(C) provides that "[a]ny party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter." Fed. R. Civ. P. 26(b)(3)(C). The Rule defines "previous statement" as either a written statement that the person signs or otherwise adopts or a contemporaneous recording, or transcription of that recording, that "recites substantially verbatim the person's oral statement." *Id.* If the other party refuses such a request, "the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses." *Id.*

The Rule's plain language supports Plaintiff's argument. The deposition dealt with the subject matter of this case, and the transcript falls within Rule 26(b)(3)(C)'s definition of a "prior statement." *See Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 540 (D. Kan. 1989) (citing Fed. R. Civ. P. 26(b)(3)); *accord Fleming v. Dep't of Justice*, No. CV900896(CPS), 1992 WL 151900, at *2 (E.D.N.Y. June 17, 1992). Further, the transcript was "prepared . . . for" Defendants, as their attorney took the deposition and purchased a copy from the court reporting service. Fed. R. Civ. P. 26(3)(A).

Defendants contend, without citation to any legal authority, that Rule 26(b)(3)(C) was not intended to apply to circumstances in which the requesting party could easily obtain a copy of his own deposition for a reasonable cost. They argue that allowing Plaintiff to get a copy for free would be unfair to them (they paid for the transcript, after all) as well as to the court reporting service, which, as a result, loses a customer.

Though the case law on this issue is sparse, there is some authority supporting Defendants'

2

approach. The most analogous case the Court has found is *Chipanno v. Champion International Corp.*, 104 F.R.D. 395, 397 (D. Or. 1984). In that case, the Oregon District Court explained that, "[r]ead literally, [Rule 26(b)(3)(C)] appears to include testimomy [sic] of a party taken in a previous trial that is later transcribed." However, *Chipanno* concluded that this reading was incorrect in light of the advisory committee notes, which, the court said, indicated that this provision was concerned with "prior statements by parties which they could not have access to prior to trial other than by production." *Id.* (citing Fed. R. Civ. P. 26 advisory committee's note); *see also* 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2027 (3d ed. 2010) (characterizing *Chipanno*'s ruling as "realistic" (citing *Chipanno*, 104 F.R.D. at 397)); Federal Testimonial Privileges § 11:3 (2d ed.) ("This exemption from protection extends only to prior statements by parties which they could not have had access to prior to trial other than by production.").

The Court is reluctant to disagree with these authorities and is sympathetic to Defendants' objections that giving Plaintiff a free copy would be unfair. But nothing in Rule 26(b)(3)(C) supports these authorities' conclusion that a requesting party must demonstrate that he cannot otherwise get access to his statement. On the contrary: the Rule says that the previous statement must be handed over "on request and without the required showing." Fed. R. Civ. P. 26(b)(3)(C). In other words, the requesting party just needs to ask; he does not need to make any special showing that he needs his prior statement or cannot otherwise obtain it without undue hardship.

And while the advisory committee notes do discuss this provision in terms of situations in which a party would otherwise be denied access to his own statements, they also note that commentators "strongly support the view that a party be able to secure his statement without a

3

showing." Fed. R. Civ. P. 26 advisory committee's note (internal citations omitted).[1]

Plaintiff has made a request under Rule 26(b)(3)(C), and he thus has a right to his deposition transcript regardless of whether he could otherwise obtain it. The Court accordingly **GRANTS** the Motion to Compel Production of Plaintiff's Statement [DE 23] and **ORDERS** Defendants to give Plaintiff a complete copy of the transcript of his deposition.

The party whose conduct necessitated a Rule 26(b)(3)(C) motion to compel must ordinarily pay the prevailing side's reasonable costs and fees incurred in making the motion. *See* Fed. R. Civ. P. 26(b)(3)(C) (noting that Rule 37(a)(5) applies to an award of expenses for a Rule 26(b)(3)(C) motion to compel). But an exception to this general rule exists when the opposing party's position was "substantially justified," Fed. R. Civ. P. 37(a)(5), that is, if there is a genuine dispute or if reasonable people could disagree about the issue, *see Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Defendants' position finds support in case law and in leading treatises. It is, moreover, not contrary to the case law of this circuit. Reasonable people could disagree, and the Court therefore **FINDS** Defendants' position to be substantially justified and declines to award Plaintiff attorney fees and costs incurred in bringing this motion.

SO ORDERED this 19th day of March, 2015.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:   All counsel of record

---

[1] Further, though the advisory committee notes should be given weight, they do not foreclose judicial consideration of a provision's meaning. *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986); *Diamond Mortg. Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1240 (7th Cir. 1990).